CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 18, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **MS. ANTONIO LAMONT ALLISON,** ) | |
|     **Plaintiff,** ) | Case No. 7:24-cv-00665 |
| ) | |
| **v.** ) | |
| ) | **By: Michael F. Urbanski** |
| **S. BOGGS,** ) | **Senior United States District Judge** |
|     **Defendant.** ) | |

## ORDER

Antonio Lamont Allison, a pro se inmate who identifies as a transgender woman, filed this civil action under 42 U.S.C. § 1983 against S. Boggs, a correctional officer at Wallens Ridge State Prison. Allison claims that Boggs acted with deliberate indifference to her health or safety and subjected her to harassment and discrimination because of her gender identity and sexual orientation. After filing this action, Allison was transferred to a correctional facility in Oregon. She has since filed a motion for preliminary injunctive relief in which she seeks to be transferred to Vermont or another state on the East Coast. ECF No. 43. For the following reasons, the motion is denied.

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Nat. Res. Defense Council, Inc., 555 U.S. 7, 22 (2008). A plaintiff seeking such relief must establish that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. Id. at 20. Additionally, because the purpose of a preliminary injunction is to "preserve the status quo and prevent irreparable harm until the court has an opportunity to rule on the lawsuit's merits," the plaintiff "must necessarily establish a relationship between the injury claimed in the

[plaintiff's] motion and the conduct asserted in the complaint." <u>Devose v. Herrington</u>, 42 F.3d 470, 471 (8th Cir. 1994). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." <u>Omega World Travel v. Trans World Airlines</u>, 111 F.3d 14, 16 (4th Cir. 1997).

Allison's motion does not address any of the requirements set forth in <u>Winter</u>. Nor does it seek to prevent harm caused by the conduct alleged in the underlying complaint. Instead, Allison alleges that correctional staff at a different prison in another state are subjecting her to harassment and retaliation, interfering with her ability to access legal mail, and refusing to issue the same bottom bunk pass that she had for medical reasons while incarcerated in Virginia. The new allegations of mistreatment concern correctional officials in Oregon. As such, they do not provide a basis for preliminary injunctive relief in this lawsuit. <u>See</u> <u>Devose</u>, 42 F.3d at 471 (affirming the denial of a motion for preliminary injunction premised on new assertions of mistreatment).

For these reasons, Allison's motion for preliminary injunctive relief, ECF No. 43, is **DENIED**. The Clerk is directed to send a copy of this order to the parties.

It is so **ORDERED**.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18 14:57:36
-05'00'

Michael F. Urbanski
Senior United States District Judge